**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| | § | |
| TAG HEUER USA | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Symbology Innovations, LLC ("Plaintiff" or "Symbology") files this Complaint against Tag Heuer USA ("Defendant" or "TAG") for infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (hereinafter "the '752 Patent," "the '369 Patent," and "the '190 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4.      On information and belief, Defendant TAG is a New Jersey corporation, having its principal place of business at 966 South Springfield Avenue, Springfield, NJ 07081.

5.      This Court has personal jurisdiction over Defendant because Defendant has

committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6.     Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this District. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8.     Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.     Plaintiff is the owner by assignment of the '752 Patent with sole rights to enforce the '752 Patent and sue infringers.

11.     A copy of the '752 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit A.

12.     The '752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '752 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '752 Patent.

Defendant has infringed and continues to infringe the '752 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14.     Defendant has made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes in marketing materials such as magazine ads in connection with Defendant's watch products.  A user scanning the QR code is provided with information concerning information about Defendant's sponsors, watch collections, purchase links, social media links, and store locators.  Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.  The use of QR codes in this manner infringes at least Claim 1 of the '752 Patent.

15.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

16.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

17.     Plaintiff is in compliance with 35 U.S.C. § 287.

<u>COUNT II</u>
<u>(INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)</u>

18.     Plaintiff incorporates paragraphs 1 through 17 herein by reference.

19.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

20.     Plaintiff is the owner by assignment of the '369 Patent with sole rights to enforce the '369 Patent and sue infringers.

21.     A copy of the '369 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit B.

22.     The '369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

23.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '369 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '369 Patent. Defendant has infringed and continues to infringe the '369 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

24.     Defendant has made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes in marketing materials such as magazine ads in connection with Defendant's watch products.  A user scanning the QR code is provided with information concerning information about Defendant's sponsors, watch collections, purchase links, social media links, and store locators.  Upon being scanned, the QR code remotely transmits information regarding the product to the user via a device, such as a smart phone, for example.  The use of QR codes in this manner infringes at least Claim 1 of the '369 Patent.

25.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

26.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

27.     Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

28.     Plaintiff incorporates paragraphs 1 through 27 herein by reference.

29.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

30.     Plaintiff is the owner by assignment of the '190 Patent with sole rights to enforce the '190 patent and sue infringers.

31.     A copy of the '190 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit C.

32.     The '190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

33.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '190 Patent by making, using, and/or printing Quick Response Codes (QR codes) covered by one or more claims of the '190 Patent. Defendant has infringed and continues to infringe the '190 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

34.     Defendant has made, used, and/or printed QR codes on printed and/or electronic media, including advertising and packaging, associated with select products and/or services. One specific example of Defendant's activity involves the use of QR codes in marketing materials such as magazine ads in connection with Defendant's watch products.  A user scanning the QR code is provided with information concerning information about Defendant's sponsors, watch collections, purchase links, social media links, and store locators.  Upon being scanned, the QR code remotely transmits information regarding the product to the user via a

device, such as a smart phone, for example.  The use of QR codes in this manner infringes at least Claim 1 of the '190 Patent.

35.    Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

36.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

37.    Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)    Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: June 30, 2015

Respectfully submitted,


_____*/s/Jay Johnson*_____
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**ANTHONY RICCIARDELLI**
State Bar No. 24070493
**KIZZIA & JOHNSON PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
(214) 613-3350
Fax: (214) 613-3330
jay@brownfoxlaw.com
brad@brownfoxlaw.com
anthony@brownfoxlaw.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

**EXHIBIT B**

**EXHIBIT C**